UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR KASIANOV,<br><br>    Petitioner,<br><br>    v.<br><br>GAMBOA, Warden,<br><br>    Respondent. | No. 2:21-cv-00193 JAM GGH P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

*Introduction and Summary*

    Petitioner is a state prisoner proceeding in pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c).

    The habeas petition in this case raises an issue of the use of "propensity" evidence as a violation of due process (Grounds 1 and 4). ECF No. 1. Ground 3 raises an omnibus and vague ineffective assistance of counsel claim on "all issues." It also alleges a state law error in imposing consecutive sentences (Ground 2).

    After conviction and sentencing, the initial appeal was filed. The California Court of Appeal, Third Appellate District ("Court of Appeal") remanded for resentencing purposes the order regarding a payment of fines, fees and expenses based upon a lack of findings with respect

1

to petitioner's ability to pay. Also, because the Sacramento County Superior Court judge failed to render a sentence on Count 4 of the conviction, the entire sentence was subject to reconsideration on remand. ECF No. 15-2. From the exhibits attached to the habeas petition, it appears that with the exception of the ineffective assistance of counsel claim, the above issues were completely exhausted and denied on the initial Petition for Review. On November 15, 2019, the Sacramento County Superior Court resentenced petitioner. ECF No. 15-5. Respondent avers that a second appeal was filed with respect to the resentencing.

*Motion to Dismiss*

Respondent has filed a Motion to Dismiss (ECF No. 13) asserting that because petitioner has an appeal pending on the resentencing, this court should order a dismissal pursuant to Younger v. Harris, 401 U.S. 37 (1971) (regarding federal interference with ongoing state proceedings). However, the Court of Appeal decided its case a few weeks after the Motion to Dismiss was filed, and a few days after the respondent's Reply. See ECF No. 20 at 6-9 (Court of Appeal's June 17, 2021 resentencing decision). It is unknown whether petitioner has sought a petition for review on the resentencing issue(s). However, liberally interpreting petitioner's first opposition, petitioner appears to be requesting a stay of his petition pending conclusion of the state proceedings. ECF No. 14.

Respondent is incorrect that Younger *requires* an abstention dismissal of a habeas petition if any state proceedings in a criminal case remain to be completed. The United States Supreme Court recognized in Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) that a protective habeas petition could be filed even though state proceedings were ongoing, or about to proceed, so long as petitioner then moved for a stay of the federal proceedings.  This is not to say that a protective filing of a petition is always acceptable; it depends in large part on the status of the state court proceedings including the degree of prematurity and procedural problems which might arise if the federal petition is not filed.  Here, the state proceedings have largely been completed.  Petitioner

////

////

////

2


may have been reasonably confused about the necessity of filing a federal petition on the conviction issues which were exhausted some time ago.[1]

But, in any event, and more importantly, dismissal of this case at this time on abstention grounds would be an inefficient waste of time and judicial resources. There is no likelihood of this court making a final ruling on any substantive issue prior to the time a petition for review after resentencing is filed, or petitioner makes a determination not to file a petition for review on the resentencing issues. Given the order below, there is no possibility that this federal court will be countenancing an interference with ongoing state court proceedings.

Accordingly, the undersigned recommends denial of respondent's Motion to Dismiss.

*Order*

Therefore, within fourteen days of the filed date of this order, as set forth herein, petitioner is ordered to inform the court whether he has, for exhaustion purposes, sought to file a petition for review in the California Supreme Court regarding the latest appellate "resentencing" ruling. If petitioner has not yet filed a petition for review, but will be doing so in the near future, petitioner shall so state. If petitioner's answer is, "yes," or "I will be filing a petition for review," the court will construe the response as an operative motion for a stay. If this motion for stay is filed, respondent shall brief within thirty days from the filed date of the motion to stay, an opposition to the motion, or a statement of non-opposition.

If petitioner's answer is "no," i.e., "I have not, nor do I intend to, file a petition for review", petitioner shall strike from the petition any issue that has not been fully exhausted with the California Supreme Court by filing an amended petition raising only exhausted claims. Petitioner shall specifically review the ineffective assistance of counsel issue, and only raise, if he so desires, those specific ineffective assistance issues which were raised with the California Supreme Court. By reviewing petitioner's first "after conviction" Petition for Review, (ECF No.

---

[1] In all likelihood, however, petitioner's conviction is not final until he has exhausted the resentencing issue on direct review. See Jones v. California, Case No. CV 18-0407 SS, 2018 WL 5917871, at *3 (C.D. Cal. June 4, 2018). It is also possible, at this time, however, that any petition for review yet to be filed might be considered untimely, and hence not properly filed if attempted at this time.

1 commencing at 205), the undersigned cannot find any ineffective assistance of counsel issue. Respondent shall file an answer within thirty days from the filed date of the negative response.

By making this order, the undersigned is not making any final pronouncement on the exhausted status of the ineffective assistance of counsel claim(s), nor is the undersigned intimating any opinion on the merits of exhausted issues.

*This order, as outlined above, is effective immediately and, unless stayed by the assigned district judge, its timing does not depend upon the conclusion of proceedings with respect to district court review of the Findings and Recommendation regarding the Motion to Dismiss.*

*Conclusion*

In accordance with the above, IT IS HEREBY ORDERED that parties shall comply with the ORDER regarding future proceedings herein as set forth above.

Additionally, IT IS HEREBY RECOMMENDED that the Respondent's Motion to Dismiss, ECF No. 13 should be DENIED.

This Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these Findings and Recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE