UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR KASIANOV,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>GAMBOA,<br><br>　　　　　Respondent. | No. 2:21-cv-0193 JAM DB P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his 2018 convictions for attempted kidnapping, battery, assault with intent to commit oral copulation, and false imprisonment imposed by the Sacramento County Superior Court. Before the court are respondent's motion to dismiss, petitioner's motion to stay, and petitioner's motions to amend the petition. For the reasons set forth below, this court will recommend the motion to dismiss be granted and petitioner's motions be denied.

**BACKGROUND**

Petitioner filed his federal habeas petition on February 1, 2021. (ECF No. 1.) He argues the prosecution's use of propensity evidence violated his right to due process, his counsel was ineffective in violation of his Sixth Amendment rights, and the state court violated state law when it imposed consecutive sentences. In response to the petition, respondent filed a motion to dismiss. (ECF No. 13.) Because direct review of petitioner's conviction and sentence had not

1

concluded when petitioner filed his petition, respondent argued the district court should abstain from proceeding with the case and the petition should be dismissed.

On August 5, 2021, the previously-assigned magistrate judge[1] issued findings and recommendations in which he recommended the motion to dismiss be denied.  (ECF No. 21.) The magistrate judge found abstention was not required and that petitioner may be entitled to a stay of the federal court proceedings under Pace v. DiGuglielmo, 544 U.S. 408 (2005). Respondent filed objections to the findings and recommendations.  (ECF No. 22.)  The district court has not yet ruled on those objections.

On August 23, 2021, petitioner filed a motion to stay these proceedings.  (ECF No. 25.) Petitioner argues that he requires a stay in order to exhaust a claim that his appellate counsel rendered ineffective assistance.  In documents filed October 28 and November 8, 2021, petitioner seeks to amend his petition, apparently to include unexhausted or previously unexhausted claims. (ECF No. 31, 32.)

**MOTION TO DISMISS**

Respondent argues that because the direct review of petitioner's conviction and sentence had not concluded at the time petitioner filed his federal petition, the district court was required to dismiss this case under Younger v. Harris, 401 U.S. 37 (1971).  This court has reviewed respondent's motion, petitioner's opposition, the previously-assigned magistrate judge's findings and recommendations, respondent's objections, and petitioner's response to those objections.  For the reasons discussed below, this court finds Ninth Circuit case law requires the petition to be dismissed under Younger.  Therefore, this court will vacate the prior findings and recommendations and recommend the motion to dismiss be granted.

**I.  State Court Proceedings**

On March 20, 2018, in Sacramento County Superior Court, petitioner was convicted of: (1) attempted kidnapping; (2) misdemeanor battery; (3) assault with intent to commit oral

////

---

[1] This case was re-assigned to the undersigned magistrate judge on December 16, 2021.

copulation; and (4) false imprisonment. (ECF No. 15-1.[2]) On April 13, 2018, he was sentenced to a determinate state prison term of six years, ten months. (Id.) Petitioner appealed. On August 19, 2019, the Court of Appeal remanded the matter to the trial court for resentencing. (ECF No. 15-2.) Petitioner sought review in the California Supreme Court. (ECF No. 15-3.) The California Supreme Court denied review on October 30, 2019. (ECF No. 15-4.)

On November 15, 2019, the Sacramento County Superior Court resentenced petitioner to the same determinate state prison term of six years, ten months. (ECF No. 15-5.) Petitioner appealed the judgment on resentencing. On June 17, 2021, the Court of Appeal affirmed the judgment. (ECF No. 20 at 7-9.) Petitioner informed this court that he would not petition the California Supreme Court for review of the Court of Appeal's June 2021 decision. (ECF No. 23.) The California Supreme Court's records indicate that petitioner did not do so.[3]

**II. Legal Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins.

---

[2] Respondent lodged relevant state court records with this court. (See ECF No. 15.) This court takes judicial notice of those documents. Fed. R. Evid. 201 (court may take judicial notice of "matters of public record").

[3] California Supreme Court records do not show any petition for review of the June 2021 decision of the Court of Appeal. The records do show that on September 1, 2021, petitioner filed an "accusation against attorneys" in that court. The court denied that accusation on October 13, 2021. There is no indication the California Supreme Court considered that filing as a petition for review.
https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2357381&doc_no=S270671&request_token=NiIwLSEmPkw8WyBRSCMtVEtIIFA0UDxTJCJeXz1TICAgCg%3D%3D

1  Co., 519 F.3d 1025, 1030 (9th Cir. 2008)).  In general, exhibits attached to a pleading are "part of

2  the pleading for all purposes."  Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124

3  (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).  On a motion to dismiss, the court may also

4  consider information subject to judicial notice.  Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th

5  Cir. 2007) (On a motion to dismiss, the court may "generally consider only allegations contained

6  in the pleadings, exhibits attached to the [petition], and matters properly subject to judicial

7  notice." (citation omitted)).

**III. Discussion**

    **A. Younger Abstention**

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not enjoin pending state criminal proceedings except under extraordinary circumstances.[4]  Id. at 49, 53.  Younger abstention prevents a court from exercising jurisdiction when three criteria are met:  (1) there are ongoing state judicial proceedings; (2) an important state interest is involved; and (3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.  Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).  The court must consider abstention as of the date the petition was filed.  See Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988); Mays v. Villanueva, No. 2:21 CV 6195 CAS MAR, 2021 WL 5507844, at *2-3 (C.D. Cal. Oct. 6, 2021), rep. and reco. adopted, 2021 WL 5507053 (C.D. Cal. Nov. 24, 2021) ("*Younger* abstention requires dismissal of the federal action when state court proceedings were ongoing at the time of filing." (citing Beltran, 871 F.2d at 782)).

The Younger criteria are satisfied here.  First, the appeal of petitioner's resentencing was pending at the time he filed his federal petition.  Petitioner filed here on February 1, 2021.  The Court of Appeal issued its decision on June 17, 2021.  Notwithstanding the fact that petitioner's appeal concerns resentencing, the judgment was not final in February 2021.  The Supreme Court

---

[4] Habeas relief from this court in the form of a new trial would render petitioner's resentencing moot and therefore "enjoin" petitioner's state proceedings.  See, e.g., Joe v. Muniz, No. CV 18-6390-JLS (PLA), 2018 WL 6025841, at *3 (C.D. Cal. Nov. 16, 2018) ("to the extent petitioner seeks to have this Court preemptively issue an order before he has even been resentenced or appealed such a sentence if warranted, such an order would threaten interference in the state criminal proceedings in a manner disapproved of in *Younger*") (citation omitted)).

has stated: "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)).

Second, resentencing proceedings implicate an important state interest in enforcing criminal laws without federal interference. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." (citing Younger, 401 U.S. at 44-45)); see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982) ("Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation.").

Finally, the California state courts provide an adequate forum in which petitioner may pursue his claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). When the state proceedings have fully concluded and the conviction becomes final, a petitioner may seek federal habeas relief. See, e.g., Fellows v. Matteson, No. 2:20-cv-02034-AB (SK), 2020 WL 4805022 (C.D. Cal. May 18, 2020). Because the Younger factors were satisfied at the time petitioner filed his federal petition, abstention was appropriate.

No extraordinary circumstances warrant an exception to abstention. This court recognizes that direct review of petitioner's conviction and sentence has now concluded. The Court of Appeal decision was filed June 17, 2021. It was final thirty days later. Cal. R. Ct. 8.366(b)(1). Petitioner then had ten days to file a petition for review. Cal. R. Ct. 8.500(e). He did not. Therefore, once that time expired, petitioner's conviction and sentence became final.[5] 28 U.S.C.

---

[5] Under 28 U.S.C. § 2244(d)(1)(A), "direct review" includes review by the United States Supreme Court of a petition for writ of certiorari. See Lawrence v. Florida, 549 U.S. 327, 333 (2007). However, the time period for filing a petition for a writ of certiorari to the United States Supreme Court does not extend the trigger for the statute of limitations in the present case. A certiorari petition may only be brought from a decision of the state's highest court. 28 U.S.C. 1257.

5

1  § 2244(d)(1)(A) (A federal court's jurisdiction to review the merits of a habeas petition

2  commences, in pertinent part, on "the date on which the judgment became final by the conclusion

3  of direct review or the expiration of the time for seeking such review.")

4  However, the Ninth Circuit has made clear that Younger abstention must be considered at

5  the time the petitioner files a federal petition. The fact that state proceedings concluded prior to

6  the federal court's decision does not constitute an extraordinary circumstance.

> Although the state court proceedings were completed by the time the district court granted summary judgment, and an abstention order in this case may result simply in the appellees refiling their federal complaint, this outcome is required by *Younger*. Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action. *See Gibson v. Berryhill*, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973) ("*Younger v. Harris* contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts."); *Fresh Int'l*, 805 F.2d at 1356 ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action."); 17A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4252 at 202–03 & n. 17 (2d ed. 1988). The principles which underlie *Younger* abstention, notions of comity and respect for state functions, illuminate this requirement. *See Younger*, 401 U.S. at 43–45, 91 S.Ct. at 750–51; *Fresh Int'l*, 805 F.2d at 1356. By erroneously refusing to dismiss the complaint, the district court took this prohibited course of action.

18  Beltran, 871 F.2d at 782-83.

19  Courts in the Ninth Circuit have abstained under Younger when the state court

20  proceedings are the same as those in the present case - a habeas petitioner's state resentencing

21  appeal is pending. See Vanhook v. Burton, No. 2:20-cv-0105 TLN KJN P, 2020 WL 5203439

22  (E.D. Cal. Sept. 1, 2020) (recommending denial of motion for stay and dismissal of federal

23  habeas petition due to pending state appeal for resentencing), rep. and reco. adopted, 2020 WL

24  5943013 (E.D. Cal. Oct. 7, 2020); Duke v. Gastelo, No. 2:19-04712 AB (ADS), 2020 WL

25  4341595, at *4 (C.D. Cal. June 24, 2020), rep. and reco. adopted, 2020 WL 4339889 (C.D. Cal.

26  July 28, 2020); Phillips v. Neuschmid, No. 2:19-cv-03225-RGK (AFM), 2019 WL 6312573, at

27  *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief

28  would have the practical effect of enjoining or interfering with the ongoing state judicial

proceeding, even where the state proceeding is limited to sentencing"), rep. and reco. adopted, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019).

The previously-assigned magistrate judge did not consider Younger abstention mandatory. (ECF No. 21 at 2.) However, the Ninth Circuit made clear that it is. "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain." Beltran, 871 F.2d at 782; see also Lobato v. San Bernardino Cty., No. LA CV 19 10312 VBF PLA, 2020 WL 1166996, at *3 (C.D. Cal. Mar. 11, 2020) ("Once the *Younger* criteria are met, abstention is required unless there is a showing of bad faith or harassment, or there are extraordinary circumstances where irreparable injury can be shown." (citing Page v. King, 932 F.3d 898, 902 (9th Cir. 2019)).

This court notes that petitioner should not be prejudiced by the application of Younger. As discussed above, direct review of petitioner's conviction and sentence concluded after the Court of Appeal filed its June 2021 decision and the time for filing a petition for review with the California Supreme Court expired. Petitioner has sufficient time to re-file his federal petition within the one-year limitations period.

## PETITIONER'S MOTIONS

### I. Motion for a Stay

The previously-assigned magistrate judge found that petitioner might be entitled to a stay of these proceedings as described in Pace. However, where Younger abstention is required, a stay is not appropriate. See Jimenez v. Madden, No. CV 21-2400-DSF(E), 2021 WL 3042277 (C.D. Cal. June 7, 2021), rep. and reco. adopted, 2021 WL 3033589 (C.D. Cal. July 19, 2021) (holding a stay is unavailable where Younger abstention is warranted). The Supreme Court's decision in Pace does not require otherwise.

In Pace, the Supreme Court recognized that a petition filed prior to the exhaustion of all claims might be appropriate in certain, specific circumstances. See Pace, 544 U.S. at 416 (citing Rhines v. Weber, 544 U.S. 269, 278 (2005)). The Court suggested the stay described in Pace and Rhines where a petitioner was reasonably confused about whether a state habeas petition would toll the federal statute of limitations. In such a case, the petitioner could file a "protective

////

petition" in federal court and seek a stay of the federal proceedings until exhaustion had concluded.

The situation contemplated in Pace and Rhines is not the situation faced by petitioner when he filed his federal petition. Rather, petitioner was still completing direct review when he filed the federal petition and the statute of limitations had not begun to run. Therefore, as many judges in this district have held, it would be inappropriate to grant a stay and hold this case in abeyance. See, e.g., Timberlake v. Santoro, No. 1:20-cv-0013 NONE SKO HC, 2021 WL 1691833, at *2-3 (E.D. Cal. Apr. 29, 2021), rep. and reco. adopted, 2021 WL 3771802 (E.D. Cal. Aug. 25, 2021) (denying stay and dismissing petition where direct review of resentencing was ongoing and limitations period had not begun to run); Banks v. Lynch, No. 2:20-cv-0827 TLN KJN P, 2020 WL 6483903, at *1 (E.D. Cal. Nov. 4, 2020), rep. and reco. adopted, 2021 WL 519377 (E.D. Cal. Feb. 11, 2021); Bennett v. Fisher, No. 2:15-cv-1036–EFB P, 2015 WL 6523689, at *1 (E.D. Cal. Oct. 27, 2015); Torres v. Peery, No. 2:14-cv-2446 KJM AC P, 2015 WL 6437687, at *2-3 (E.D. Cal. Oct. 22, 2015), rep. and reco. adopted, No. 2:14-cv-2446 KJM AC P (E.D. Cal. Feb. 4, 2016); Henderson v. Martel, No. CIV S-09-2189 DAD P, 2010 WL 2179913, at *6-7 (E.D. Cal. May 26, 2010), rep. and reco. adopted, No. CIV S-09-2189 DAD P (E.D. Cal. July 12, 2010).

**II.  Motions to Amend**

Petitioner seeks to amend his petition to include claims that, it appears, he is seeking to exhaust. (ECF Nos. 31, 32.) As discussed above, Younger abstention is considered at the time petitioner filed his original petition here. And, Younger abstention is mandatory. Therefore, any motions to amend the petition are moot.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED that the Order and Findings and Recommendations issued on August 5, 2021 are vacated.

Further, IT IS RECOMMENDED that

1. Respondent's motion to dismiss (ECF No. 13) be granted;

2. Petitioner's motion to stay (ECF No. 25) be denied;

3. Petitioner's motions to amend (ECF Nos. 31, 32) be denied as moot; and

    4. The petition be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).  In the objections, the party may address whether a certificate of appealability should issue in the event an appeal of the judgment in this case is filed.  <u>See</u> Rule 11, Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: March 28, 2022

*[signature]*
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB Prisoner Inbox/Habeas/S/kasi0193.mtd fr

9