UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEKSANDR KASIANOV,<br><br>    Petitioner,<br><br>  v.<br><br>GAMBOA,<br><br>    Respondent. | No. 2:21-cv-00193-TLN-DB<br><br><br>**ORDER** |

  This matter is before the Court on Petitioner Oleksandr Kasianov's ("Petitioner") Motion to Proceed In Forma Pauperis (ECF Nos. 42, 50) and Motion to Reopen the Case (ECF No. 49). For the reasons set forth below, the Court DENIES Petitioner's motions.

  Petitioner was a state prisoner proceeding *pro se* with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  The matter was referred to a United States Magistrate Judge under the Court's Local Rules.  The magistrate judge filed findings and recommendations on March 29, 2022. (ECF No. 35.)  On June 15, 2022, the Court adopted in full the magistrate judge's findings and recommendations on June 15, 2022, and it dismissed the case without prejudice.  (ECF No. 39.) Petitioner filed a Notice of Appeal to the Ninth Circuit Court of Appeals on June 23, 2022.  (ECF No. 41.)  Petitioner subsequently filed the instant motions.  (ECF Nos. 42, 49, 50.)

---

[1]  Petitioner filed change of address notices, which suggest he is no longer in custody.  (*See* ECF Nos. 52, 53.)

1

Petitioner brings his motion to reopen the case pursuant to Federal Rule of Civil Procedure ("Rule") 60, which states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Petitioner fails to raise any coherent argument suggesting that relief is warranted under Rule 60.  Further, Petitioner's appeal divests this Court of jurisdiction to grant relief as to any issues currently before the Ninth Circuit.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (citations omitted) (As a general rule, the filing of a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal").

Accordingly, the Court DENIES Petitioner's motions.  (ECF Nos. 42, 49, 50.)

IT IS SO ORDERED.

**DATE:  April 17, 2023**

Troy L. Nunley
United States District Judge

2